# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 19, 2013

No. 12-51171

Lyle W. Cayce
Clerk

ALLAN KRAMER,

Plaintiff - Appellant

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, also known as Fannie
Mae; COUNTRYWIDE KB HOME LOANS, A Countrywide Mortgage
Ventures, L.L.C.; STEPHEN C. PORTER; JOHN W. LATHAM; MERSCORP
HOLDINGS, INCORPORATED, successor by merge to MERSCORP, Inc.,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-708

Before JOLLY, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Allan Kramer appeals the district court's Rule 12(b)(6) dismissal of his
quiet title, breach of contract, and fraudulent foreclosure claims arising out of
the foreclosure of his home. Kramer's arguments can be categorized as
challenging the assignment of the deed of trust, challenging Bank of America's
right to foreclose under the assigned deed of trust, and challenging the actions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-51171

of attorney Stephen Porter, which are associated with the assignment. Because Kramer fails to state a claim against any of the defendants, we AFFIRM the judgment of the district court.

I.

Kramer purchased the real estate at issue in 2006. To finance the purchase, Kramer borrowed $283,369 from Countrywide KB Home Loans and executed a deed of trust granting Countrywide KB Home Loans a first lien interest in the property. The deed of trust named MERS "solely as nominee for Lender, and Lender's successors and assigns" and as "beneficiary."

On November 13, 2009, Porter executed an "Assignment of Note and Deed of Trust" on behalf of MERS; the assignee was BAC Home Loan Servicing LP ("BAC"). Porter, acting as an attorney for BAC, executed an Appointment of Substitute Trustee's Deed. Bank of America, N.A., ("Bank of America") subsequently became the successor by merger with BAC. Porter then executed another appointment of substitute trustee on behalf of Bank of America.

Bank of America foreclosed on the property on December 6, 2011 and sold the property to Fannie Mae. Kramer filed a suit challenging the foreclosure in Texas state court. That suit was removed and subsequently dismissed without prejudice by the district court on the grounds that the complaint failed to state a claim. Kramer then filed this suit.

II.

Kramer first challenges MERS' power to assign the deed of trust. The terms of the deed of trust are clear in granting MERS the power to assign its rights. The deed of trust is equally clear that MERS has the power to foreclose on behalf of the lender. Specifically, the deed of trust grants MERS the right "to exercise any or all of those interests, including, but not limited to the right to foreclose and sell the Property." Several courts have held that similar language grants MERS the power to foreclose or to assign its foreclosure power. *See, e.g.,*

No. 12-51171

*Richardson v. CitiMortgage, Inc.*, No. 6:10cv119, 2010 WL 4818556, at \*5 (E.D. Tex., Nov. 22, 2010); *Allen v. Chase Home Fin., LLC,* No. 4:11–CV–223, 2011 WL 2683192, at \*3 (E.D. Tex., June 10, 2011); *see also*, *Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 252–53 (5th Cir. 2013) (rejecting an argument based on similar deed of trust language that MERS had not properly assigned its right to foreclose).  Kramer's own allegations demonstrate that this is exactly what occurred here; MERS assigned its right to foreclose to Bank of America and Bank of America exercised that right.

Kramer next argues that Bank of America lacked the power to foreclose because Bank of America held only the deed of trust, not the underlying note. While Kramer points to numerous state and federal cases that he contends hold that this is improper under Texas law, we are bound by the recent panel opinion in *Martins*.  The panel in *Martins* clearly held that the Texas Property Code allows a party who has been assigned the deed of trust by MERS to foreclose, regardless of whether that party also holds the underlying note.  *See Martins,* 722 F.3d at 255 ("The party to foreclose need not possess the note itself.").

Kramer lastly raises a number of claims against attorney Stephen Porter alleging that Porter "knowingly committed a fraudulent act outside the scope of his legal representation." *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 406 (Tex. App. 2005) (recognizing this as an exception to an attorney's qualified immunity to third parties for actions taken in connection with representing a client). Specifically, Kramer alleges that Porter "robo-signed" several documents and acted without authorization in assigning the deed of trust.  These claims fail for two reasons.  First, Kramer did not allege any specific facts that could create an inference that Porter knowingly engaged in any fraudulent conduct.  Second, we have found nothing wrongful in either the assignment of the deed of trust or the foreclosure proceedings.  As none of the transactions were wrongful, it follows that implementing them is not fraudulent.

No. 12-51171

## III.

For the foregoing reasons, the district court's order dismissing Kramer's claims is

AFFIRMED.